UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. WALKER-JONES                       CIVIL ACTION

VERSUS                                                       15-584-SDD-RLB

LOUISIANA ASSOCIATION OF
EDUCATORS

**RULING**

This matter is before the Court on the *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement*[1] and the *Motion for Partial Dismissal*[2] filed by Defendant, Louisiana Association of Educators ("LAE"). Plaintiff, Michael A. Walker-Jones ("Plaintiff"), has filed *Oppositions*[3] to these motions, to which LAE filed a *Reply.*[4] For the reasons which follow, the Court finds that the LAE's first motion is moot, but the second motion should be granted.

**I.    BACKGROUND**

Plaintiff was employed by the LAE as Executive Director from June 2010 until his termination in June of 2014. Plaintiff contends that his termination was unlawfully based on his race and age in violation of Title VII of the Civil Rights Act of 1964[5] and the Age Discrimination in Employment Act (ADEA).[6] Plaintiff also asserts state law claims for

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. Nos. 15 & 21.
[4] Rec. Doc. No. 22.
[5] 42 U.S.C. § 2000e, *et seq.*
[6] 29 U.S.C. § 621, *et seq.*
31322

breach of contract and invasion of privacy.[7] The LAE filed a *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement*,[8] which appears to have been mooted by Plaintiff's *Amended Complaint*.[9] The LAE subsequently filed a *Motion for Partial Dismissal*[10] of Plaintiff's invasion of privacy claim, and only this claim is at issue in this opinion.

## II.  LAW & ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[7] The Court exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.
[8] Rec. Doc. No. 10.
[9] Rec. Doc. No. 14.
[10] Rec. Doc. No. 17.
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin*, 369 F.3d at 467).

of the elements of a cause of action will not do."[14]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[17]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

### B. Invasion of Privacy

Louisiana courts have allowed tort actions for invasion of privacy which involves the basic right of a person to be let alone in his private affairs.[20]  An unwarranted invasion of a person's right of privacy may give rise to liability for the resulting harm.[21]  The determination of whether a person's conduct constitutes the tort of invasion of privacy depends upon the facts and circumstances of each case.[22]  The right of privacy embraces

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[16] *Twombly*, 550 U.S. at 570.
[17] *Iqbal*, 556 U.S. at 678.
[18] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[19] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[20] *Young v. St. Landry Parish School Board*, 95-1480 (La. App. 3 Cir. 5/1/96); 673 So.2d 1272, 1275.
[21] *Id.*
[22] *Id.*, citing *Roshto v. Hebert*, 439 So.2d 428 (La.1983).
31322

four different interests, each of which may be invaded in a distinct fashion: (1) the appropriation of an individual's name or likeness for the use or benefit of the defendant; (2) an unreasonable intrusion by the defendant upon the plaintiff's physical solitude or seclusion; (3) publicity that unreasonably places the plaintiff in a false light before the public; and (4) unreasonable public disclosure of embarrassing private facts.[23]

Louisiana courts have also distinguished actionable from non-actionable invasions.[24] To be actionable, a defendant's conduct must be unreasonable and must seriously interfere with the plaintiff's privacy interest.[25] It is not necessary to prove that the defendant acted with malicious intent.[26] The reasonableness of the defendant's acts is determined by balancing the interests of the plaintiff in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct.[27] Where the defendant's action is properly authorized or justified by circumstances, it is deemed reasonable and non-actionable, even though it admits to a slight invasion of the plaintiff's privacy.[28]

Plaintiff contends that he has adequately pled a claim for invasion of privacy under Louisiana law. Specifically, Plaintiff alleges that Deborah Meaux ("Meaux"), while Vice President of the LAE, went to LAE's lawyers and inquired about Plaintiff's retirement and

---

[23] *Slocum v. Sears Roebuck & Company*, 542 So.2d 777 (La. App. 3 Cir. 1989), citing *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386 (La.1979).
[24] *Young*, 673 So.2d at 1275, citing *Spears v. McCormick & Co., Inc.*, 520 So.2d 805 (La.App. 3 Cir.1987), *writ denied*, 522 So.2d 563 (La.1988).
[25] *Id.*
[26] *Id.*
[27] *Id.*, citing *Jaubert*, 375 So.2d 1386.
[28] *Id.*, citing *Parish National Bank v. Lane*, 397 So.2d 1282 (La.1981).
31322

other benefits, without Plaintiff's knowledge or consent, and such inquiry was unauthorized by the LAE.  Plaintiff further contends that LAE policy did not give Meaux the authority to seek information from LAE's counsel; thus, Meaux invaded Plaintiff's right to be free from unreasonable intrusion into his seclusion or solitude, or into his private affairs.[29]  Plaintiff acknowledges that Meaux's inquiry is not publicity, but argues that her inquiry alone into his private affairs is an actionable intrusion and claim for invasion of privacy.

LAE moves to dismiss this claim arguing that the alleged misconduct does not rise to the level of severity and unreasonableness sufficient to state an actionable claim for invasion of privacy under Louisiana law.  LAE contends that an officer's alleged conferring with corporate counsel regarding the employment contract of an employee during contract negotiations is not the type of invasion into one's private affairs recognized by law.  LAE argues that it engaged in privileged inquiries with its own counsel regarding its own corporate affairs.  Plaintiff's benefits relate directly to his employment with LAE and are provided and maintained by LAE; thus, LAE contends that requesting any advice from corporate counsel during contract negotiations "cannot be reasonably compared to hacking into one's safe or private bank account."[30]  The Court agrees.

The Court finds that Plaintiff's allegations are insufficient to state a claim for invasion of privacy.  The cases on which Plaintiff relies are easily distinguishable from the facts alleged in this matter.  Taking Plaintiff's allegations as true, even if Meaux did not

---

[29] Rec. Doc. No. 21, p. 2, citing *Amended Complaint*, ¶ 21.
[30] Rec. Doc. No. 22, p. 3.
31322

have authorization under the LAE policy to make such an inquiry, the law states that, "[w]here the defendant's action is properly authorized **or justified by circumstances**, it is deemed reasonable and non-actionable, even though it admits to a slight invasion of the plaintiff's privacy.[31]  Under the circumstances of a contract re-negotiation, an LAE officer seeking advice and information from retained counsel was justified.  Plaintiff's attempt to liken this case to those involving inspection of private bank accounts is unavailing.

Even if an "unreasonable intrusion" into Plaintiff's private affairs had occurred, the Court finds that Plaintiff has failed to allege any facts to support a claim that such intrusion "seriously interfered" with Plaintiff's privacy interests.  Indeed, it is axiomatic that that an employer might review personnel files and employment records while engaging in contract negotiations with an employee.  After balancing the relevant interests of both parties in the employment information at issue, the Court finds that Meaux's request for legal advice regarding this matter is justified and reasonable as the parties were clearly engaged in ongoing contract negotiations, which reasonably included a discussion of Plaintiff's benefits. Thus, the Court finds that Plaintiff has failed to state a claim for invasion of privacy under Louisiana law as he has failed to allege facts which support the unreasonableness of the alleged inquiry or the serious interference he has allegedly suffered as a result.

---

[31] *Young*, 673 So.2d at 1275 (emphasis added).
31322

### III.    CONCLUSION

For the reasons set forth above, the Defendant's *Motion for Partial Dismissal*[32] is GRANTED.  Plaintiff's invasion of privacy claim is dismissed with prejudice.  Defendant's *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement*[33] is DENIED as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 22, 2016</u>.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. 17.
[33] Rec. Doc. No. 10.
31322